IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hang Nam Yoon,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Philip Crawford, et al.,<br><br>　　　　Respondents. | No. CIV 06-3068-PHX-SMM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. McNAMEE, U.S. DISTRICT JUDGE:

On December 22, 2006, Hang Nam Yoon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his detention for more than three years while his removal proceedings have been pending is unlawful (Doc. #1). On February 26, 2007, Respondents filed their Response in Opposition (Doc. #9), and on March 16, 2006, Petitioner filed his Reply (Doc. #10). For the reasons stated below, the Court recommends that Yoon's petition be granted.

**BACKGROUND**

Petitioner is a native and a citizen of South Korea admitted into the United States as an immigrant visitor. (Doc. #9[1], Exh. 1, 2.) On March 21, 2002, Petitioner was convicted in California Superior Court, Los Angeles County, for the following offenses: Terrorist

---

[1] All exhibits referenced herein are the exhibits attached to Doc. #9, Respondent's Response to Petition.

Threats, in violation of California Penal Code (CPC) section 422, Cutting A Utility Line, in violation of CPC section 591, and Inflicting Corporal Injury on Spouse/Cohabitant, in violation of CPC section 273.5(a). (Exh. 3.) He was sentenced to serve 4 years in a California prison. (*Id*.)

On November 19, 2002, the Department of Homeland Security (DHS) issued a Notice to Appear, charging Petitioner as removable under Section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA"), as an alien who, after admission had been convicted of an aggravated felony, as defined in §101(a)(43)(F), a crime of violence for which the term of imprisonment imposed was at least one year. (Exh. 4.) Petitioner was served with the notice on December 4, 2003. (*Id*.) On January 22, 2004, Petitioner appeared before an immigration judge ("IJ") at Eloy, Arizona, for removal proceedings. ( Exh. 5.) During these proceedings Petitioner was advised of his legal rights, including the right to be represented by an attorney during the proceedings. He requested a postponement of the hearing in order to retain counsel from California, and the court continued the matter to January 29, 2007. (*Id*.)

The hearing continued on January 29th, and Petitioner appeared without counsel. The IJ denied Petitioner's request for a further continuance in order to retain counsel. The IJ found that Petitioner had an aggravated felony conviction, as he had been convicted of a crime of violence, and sentenced to over one year in prison. The IJ sustained the charge of removability and designated South Korea as the country of removal. (*Id*.) Petitioner was given an application for relief from removal (Form I-589) and his case was postponed until February 19, 2004. The IJ warned Petitioner that if he did not file the form by February 19, his application would be considered abandoned and he would be ordered removed to South Korea without further hearing. (*Id*.)

On February 13, 2004, Petitioner's then-retained counsel submitted an application for Cancellation of Removal [Form EOIR-42(A)], and supplemented it with a pre-hearing brief. (Exh. 6, 8.) The IJ entered an order on February 20, 2004, removing Petitioner to South

Korea and finding that Petitioner had abandoned any and all claims for relief by failing to file the I-589 on or before February 19, 2004. (Exh. 9.)

Petitioner filed a Notice of Appeal on March 13, 2004. (Exh. 10.) On August 9, 2004, after briefing by the parties, the Bureau of Immigration Affairs (BIA) dismissed Petitioner's Appeal. (Exh. 11, 12, 13.) On August 17, a travel document for Petitioner was requested from the South Korean Consulate. (Exh. 14.) Petitioner filed a Petition for Review of the BIA decision with the Ninth Circuit Court of Appeals on August 27, 2004, and the Ninth Circuit denied his request for a stay. (Exh. 15.) Petitioner was afforded a Custody Review by ICE on November 9, 2004, and was denied release from custody. (Exh. 16.) On January 21, 2005, the Ninth Circuit dismissed Petitioner's Petition for Review, for lack of jurisdiction. (*Id.*) On March 1, 2005 Petitioner then filed a Writ of Habeas Corpus ("Writ") in this court. (Exh. 17.) On April 12, 2005, the government notified this court of its intention to remove Petitioner to South Korea on April 19, 2005. (Exh. 17.) A stay of removal was ordered by the District Court on April 15. (*Id.*)

Petitioner's last Custody Review occurred in May, 2006, and resulted in a ruling of continued detention. The reviewing officer made the decision based upon the following relevant factors: Petitioner's criminal convictions, as set forth above, his criminal record indicating a potential for extremely violent behavior, the fact that he had failed to submit any documentation in support of release, the fact that Petitioner had a Ninth Circuit Court of Appeals Stay of Deportation in effect, and that his removal to South Korea was imminent pending the Ninth Circuit Court of Appeals final ruling. (Exh. 24.)

Petitioner's Writ was transferred to the Ninth Circuit Court of Appeals on July 26, 2005, based upon the passage of the Real ID Act, and the Ninth Circuit granted a continued stay of removal. (Exh. 17, 22.)  Petitioner filed his Opening Brief on June 5, 2006. Respondent filed ian Answering Brief on July 11, 2006, and Petitioner filed his Reply Brief on September 8, 2006. (*Id.*)  That case is currently under consideration. Petitioner's Writ of Habeas Corpus in the instant case was filed on December 22, 2007.

**DISCUSSION**

The amount of time that Petitioner has been detained pending administrative proceedings, between December 4, 2003, and August 9, 2004 (time between arrest and the BIA's dismissal of the appeal) is 248 days, or 8 months. The amount of time Petitioner has been detained awaiting removal after a final order of removal, between August 9, 2004, and April 15, 2005 (time between final order of removal and stay of proceedings issued by the district court, and later continued by the Ninth Circuit Court of Appeals) is 248 days, or 8 months. The amount of time Petitioner has been awaiting a decision by the Ninth Circuit Court of Appeals, after briefing was completed, between September 8, 2006, and the date of this report, is 343 days, or almost one year. Petitioner's total time is custody is approximately three years and eight months.

Petitioner current status is considered that of "pending removal proceedings," because a stay of proceedings was issued by the Ninth Circuit Court of Appeals at Petitioner's request.[2] Thus, the issue of his detention is governed by 8 U.S.C. §1226(c), which provides, in pertinent part, that "(t)he Attorney General shall take into custody any alien who . . .(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title. . . ." The INS alleged Petitioner's conviction for Corporal Injury Spouse/Cohabitant as an aggravated felony, under 1227(a)(2)(A)(iii), and thus, he was subject to mandatory detention.

In *Demore v. Kim,* 538 U.S. 510 (2003), the Court addressed the detention of criminal aliens while removal proceedings are ongoing but before the statutory removal period begins. 8 U.S.C. § 1226(c) mandates detention during removal proceedings for deportable aliens convicted of an aggravated felony. *Demore*, 538 U.S. at 517-18. "Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during

---

[2] The removal period begins on the latest of the following: . . .(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.  8 U.S.C. §1231(a)(1)

- 4 -

their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Detention of a criminal alien during removal proceedings is, therefore, a constitutional part of the process. *Id.* at 531.

In *Demore*, however, the Court operated on the assumption that the period of detention under § 1226(c) is relatively short. *See Id.* at 528-29. In distinguishing the potentially lengthy periods of detention at issue in *Zadvydas v. Davis*, 533 U.S. 678, 689-697 (2001), the Court stated:

> Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas*. The Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. Brief for Petitioners 39-40. In the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months, with a median time that is slightly shorter. *Id.*, at 40.
>
> These statistics do not include the many cases in which removal proceedings are completed while the alien is still serving time for the underlying conviction. *Id.,* at 40, n. 17. In those cases, the aliens involved are never subjected to mandatory detention at all. In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.

*Demore*, 538 U.S. at 529-30 (footnotes omitted). The alien in *Demore* had been held for six months, which the Court, although acknowledging was "somewhat longer than the average," found constitutionally permissible. *Id.* at 530-31.

Despite the mandatory language of § 1226(c), it is "constitutionally doubtful" that Congress has the authority to imprison for excessively long periods lawfully admitted criminal aliens who are subject to removal. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). In *Tijani*, the alien had "been deprived of his liberty by the government for a period of over two years and eight months." *Id.* The court avoided deciding the constitutional issue, but interpreted "the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens." *Id.* Because the alien's proceedings were not expeditious, the court

- 5 -

1  remanded the case to the district court to grant the habeas petition unless the government
2  provided the alien a bail hearing before an Immigration Judge. *Id.*

3  The government argues that *Tijani* should be distinguished because in that case,
4  administrative proceedings dragged on for 20 months, and in that case the petitioner was not
5  an aggravated felon. The *Tijani* court, however, did not premise their decision on the length
6  of the administrative proceedings or the failings of the government. The court simply said,
7  "[W]e interpret the authority conferred by 1226(c) as applying to expedited removal of
8  criminal aliens. Two years and eight months of process is not expeditious; and the
9  foreseeable process in this court, where the government's brief in *Tijani*'s appeal of the
10 removal was only filed last month after two extensions of time, is a year or more." In this
11 case, Petitioner's administrative proceedings lasted eight months, and his appeal has been
12 pending now for nearly a year. His entire time in custody is now three years and eight
13 months. His process has not been expeditious.

14 The government also argues that detention is proper because it has been prolonged by
15 Petitioner's own litigation, citing *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2nd Cir. 1991).
16 In *Doherty*, the Second Circuit held that an eight year detention prior to deportation was
17 justified in part because petitioner's extended detention was caused by his own litigation,
18 noting that the petitioner "has possessed, in effect, the key that unlocks his prison cell . . .if
19 Doherty had agreed to deportation in the first place, he would not have been detained at
20 MCC for the past eight years." *Id*. at 212.

21 The Second Circuit's reasoning in *Doherty*, however, is inconsistent with the holding
22 in *Tijani*. *See Tijani*, 430 F.3d at 1242. In the latter case, the Ninth Circuit held a detention
23 of two years and eight months was not permissible under section 1226, even though that
24 detention was extended by the petitioner's attempts to avoid removal. *Id*. This court is
25 obliged to follow *Tijani*.

26 ///

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus (Doc. #1) be **granted** as follows:

That the District Court Judge order Respondent, within 60 days of the District Court's Order, to provide a hearing to Petitioner before an Immigration Judge with the power to grant him bail unless Respondent establishes that he is a flight risk or will be a danger to the community;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of August, 2007.

Michelle H. Burns
United States Magistrate Judge

- 7 -