**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hang Nam Yoon, ) | No. CV-06-3068-PHX-SMM |
| ) Petitioner, ) | **ORDER** |
| ) v. ) | |
| Phillip Crawford, et. al., ) | |
| ) Respondents. ) | |
| _____ ) | |

Pending before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition"). The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation. On August 22, 2007, the Magistrate Judge filed a Report and Recommendation with this Court (Doc. 11). On September 21, 2007, Respondent filed his Objection (Doc. 14) to the Report and Recommendation. On October 18, 2007, Petitioner filed his Response to Respondent's Objection (Doc. 17). After considering Judge Burns's Report and Recommendation and the arguments raised in the subsequent Objections and Response thereto, the Court issues the following ruling.

## BACKGROUND[1]

On December 22, 2006, Hang Nam Yoon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his detention for more than three years while his removal proceedings have been pending is unlawful (Doc.1). Petitioner is a native and a citizen

---

[1] The detailed background and procedural history of this case is set forth in Respondents' Response to the Petition (Doc. 9) and the Magistrate Judge's Report and Recommendation (Doc. 11).

of South Korea admitted into the United States as an immigrant visitor. (Doc. 91, Exh. 1, 2.) On March 21, 2002, Petitioner was convicted in California Superior Court, Los Angeles County, for the following offenses: Terrorist Threats, in violation of California Penal Code (CPC) section 422, Cutting A Utility Line, in violation of CPC section 591, and Inflicting Corporal Injury on Spouse/Cohabitant, in violation of CPC section 273.5(a). (Exh. 3.) He was sentenced to serve 4 years in a California prison. (Id.)

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**

It is undisputed that the issue of Petitioner's detention is governed by 8 U.S.C. §1226(c), which provides, in pertinent part, that "(t)he Attorney General shall take into custody any alien who . . .(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title. . . ."

In its objection to the Magistrate Judge's R&R, the government attempts to distinguish *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir.2005), a case involving an alien whose liberty had been deprived by the government for over two years and thus whose case was remanded to the district court to grant the habeas petition unless the government provided the alien a bail hearing before an Immigration Judge. It contends that *Tijani* should be distinguished because in that case because the administrative proceedings went on for 20 months, and in that case the petitioner was not an aggravated felon. The Magistrate Judge points out however that the *Tijani* court, did not premise its decision on the length of the administrative proceedings or the failings of the government. The court simply said, "[W]e interpret the authority conferred by 1226(c) as applying to expedited removal of criminal aliens. Two years and eight months of process is

- 2 -

not expeditious; and the foreseeable process in this court, where the government's brief in *Tijani*'s appeal of the removal was only filed last month after two extensions of time, is a year or more." In the pending case, Petitioner's administrative proceedings lasted eight months, and his appeal has been pending now for nearly a year. His entire time in custody is now three years and eight months. Thus this Court agrees with the Magistrate Judge's finding that Petitioner's process has not been expeditious.

      The government also argues that detention is proper because it has been prolonged by Petitioner's own litigation, citing *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2nd Cir. 1991). In *Doherty*, the Second Circuit held that an eight year detention prior to deportation was justified in part because petitioner's extended detention was caused by his own litigation, stating that the petitioner "has possessed, in effect, the key that unlocks his prison cell . . .if Doherty had agreed to deportation in the first place, he would not have been detained at MCC for the past eight years." *Id*. at 212.  The Magistrate Judge correctly pointed out that however that the Second Circuit's reasoning in *Doherty*, is inconsistent with the holding in *Tijani*. *See Tijani*, 430 F.3d at 1242. In the latter case, the Ninth Circuit held a detention of two years and eight months was not permissible under section 1226, despite the fact that detention was extended by the petitioner's attempts to avoid removal. *Id*. This court is obliged to follow *Tijani*. Accordingly, after having reviewed the legal conclusions of the Magistrate Judge's Report and Recommendation and the Objections and Response thereto, the Court finds that the Magistrate Judge adequately addressed Respondent's arguments.  However, the Court differs with the Magistrate in the recommendation regarding burden of proof in establishing whether Petitioner is a flight risk or will pose a danger to the community upon determination of custody.[2]

---

[2]The Immigration and Nationality Act and its implementing regulations establish that Petitioner bears the burden of establishing that he will not pose a danger to the community and that he is not a flight risk upon determinations of custody. In setting forth the standards for the release of criminal aliens, 8 C.F.R. § 236.1(c)(3) states:

- 3 -

1 Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and
2 Recommendation in part and rejects it in part.

### CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court **adopts in part and rejects in part** the Report and Recommendation of Magistrate Judge Michelle H. Burns (Doc. 11).

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ADOPTED** insofar as Respondent shall **GRANT** Petitioner a bond hearing before an Immigration Judge no later than **Friday, March 7, 2008**.

**IT IS FURTHER ORDERED** that the Report and Recommendation is **REJECTED** insofar as **Petitioner bears the burden** of establishing that he is not a flight risk and will not pose a danger to the community upon determination of custody.

DATED this 2nd day of January, 2008.

Stephen M. McNamee
United States District Judge

---

> Criminal aliens eligible to be considered for release . . . must first demonstrate by clear and convincing evidence, that release would not pose a danger to the safety of other persons or of property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding (including any appearance required by the Service of EOIR) in order to be considered for release in the exercise of discretion.

8 C.F.R. § 2361(c)(3). This burden for discretionary release is consistent with the burden for release under 8 U.S.C. § 1226(c)(2), which applies in limited circumstances involving witness protection, and provides that release is available if "the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceedings." *Id.*

- 4 -