**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hang Nam Yoon, | ) | No. CV-06-3068-PHX-SMM |
| Petitioner, | ) | **ORDER** |
| v. | ) | |
| Phillip Crawford, et. al., | ) | |
| Respondents. | ) | |

Pending before the Court is Petitioner's Post-Judgement Motion for Reconsideration (Doc. 21) requesting relief pursuant to Fed. R. Civ. P. 59 (e) and 60 (b). Petitioner contends, and the Court agrees, that the Court must reconsider its decision regarding the allocation of the burden to establish the "flight risk" and "danger to the community" determination. Relying on 8 C.F.R.236.1(c)(3), the Court concluded that during the course of bond proceedings involving an alien's release from custody, it is the *alien,* not the government, that bears the burden of proof regarding the alien's potential risk of flight or danger to the community. However, § 236.1(c)(3) is not applicable to the Petitioner as it applies to aliens subject to the Transition Period Custody Rules ("TPCR") of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"). The TPCR's were in effect from October 9, 1996 through October 9, 1998. *Alwaday v. Beebe*, 43 F.Supp.2d 1130, 1133 n. 3 (D.Or.1999). Significantly, Petitioner's removal proceedings in the matter before the Court did not commence until December 24, 2003, subsequent to the expiration of the TPCR's.

///

Accordingly,

**IT IS HEREBY ORDERED GRANTING in part** Petitioner's Motion for Reconsideration (Doc. 21).

**IT IS FURTHER ORDERED VACATING in part** this Court's previous Order only insofar as it found that **Petitioner bears the burden** of establishing that he is not a flight risk and will not pose a danger to the community upon determination of custody.

**IT IS FURTHER ORDERED** that the **government bears the burden** of establishing that Petitioner is not a flight risk and will not pose a danger to the community upon determination of custody.

**IT IS FURTHER ORDERED** that Respondent shall **GRANT** Petitioner a bond hearing before an Immigration Judge no later than **Friday, March 7, 2008**.

**IT IS FURTHER ORDERED** that if Respondents fail to provide a hearing to Petitioner within the time provided, Respondents must release Petitioner from custody under an Order of Supervision.

DATED this 15th day of January, 2008.

_____
Stephen M. McNamee
United States District Judge